UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEANNA WILD** | * | **CIVIL ACTION NO.: 2:14-cv-2732** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **WERNER ENTERPRISES, INC. OF NEBRASKA AND JULIET JONES** | * | **MAGISTRATE:** |

\* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Werner Enterprises Inc. (incorrectly sued as "Werner Enterprises, Inc. of Nebraska", and hereinafter referred to as "Werner Enterprises, Inc."), who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter for the docket of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the docket of this Honorable Court.

I.

On November 13, 2014 Plaintiff, Jeanna Wild, filed a personal injury lawsuit against Werner Enterprises Inc. and Juliet Jones in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, Docket Number 2014-0003389; Div. "A", entitled "*Jeanna Wild v. Werner Enterprises Inc., of Nebraska and Juliet Jones*" (A copy of the Petition for Damages is attached hereto as Exhibit "A"). The lawsuit arises from an automobile accident which occurred on or about December 9, 2013, in the Parish of Tangipahoa, State of Louisiana.

II.

Service of citation and a copy of the original Petition for Damages were requested on Defendant, Juliet Jones via the Louisiana Long Arm Statute and the Louisiana Non-Resident Motorist Statute, but service has not been perfected.  Once service is perfected, undersigned counsel will represent Ms. Jones.

I.  **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

III.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

    A.  **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

IV.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

V.

For purposes of this removal, it is apparent from the face of the Petition that the amount in controversy exceeds seventy-five thousand and no/10 ($75,000.00) dollars, exclusive of

interest and costs. Plaintiff, Jenna Wild, alleges in paragraph VII of the Petition for Damages that she has sustained:

> serious injuries to her mind and body, including but not limited to her neck, left shoulder, left arm, left hand, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; and past and future loss of earnings and impaired earning capacity. (See Exhibit "A" Petition ¶ VII).

VI.

Plaintiff further avers in Paragraph VIII of her Petition for Damages "that this case involves damages which exceed the minimum requirements for trial by jury and federal jurisdiction." (See Exhibit "A" Petition ¶ VIII). Where the plaintiff seeks monetary relief and demand an amount that exceeds the minimum jurisdictional requirement of $75,000 (excluding interest and costs), the defendant can rely on that demand to meet the jurisdictional requirement for removal. 28 U.S.C. § 1446(c)(2); see *S.W.S. Erectors, Inc. v. Infax, Inc.* 72 F.3d 489, 492 (5th Cir. 1996).

**B.   COMPLETE DIVERSITY EXISTS**

VII.

Defendant, Juliet Jones is a citizen of the State of Florida.

VIII.

Defendant, Werner Enterprises, Inc. is a corporation with both its place of incorporation and its principal place of business is in the State of Nebraska and is a citizen of the State of Nebraska.

IX.

Based on the information in the introductory Paragraph of the Petition for Damages, Plaintiff, Jeanna Wild, resides in and is a citizen of the State of Louisiana.

X.

There is complete diversity between the Plaintiff and all Defendants.  As of the date of filing of this Notice of Removal, Plaintiff has not named any other parties as Defendants.

## II. WERNER ENTERPRISES, INC. HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XI.

Citation and a copy of the original Petition for Damages was served on Werner Enterprises, Inc., via its registered agent for service of process on November 20, 2014.

XII.

The Notice of Removal was properly filed within thirty (30) days of service of the petition on Defendant, Werner Enterprises, Inc.

XIII.

Although service was requested upon Juliet Jones through the Louisiana Long Arm Statute, at the time of filing of this Notice of Removal, Juliet Jones has not been served.  Juliet Jones will be represented by undersigned counsel once she is properly served.  Without waiving the formal requirements of service of process, Juliet Jones joins in and consents to this removal.

XIV.

There is no other party needed to consent to the removal of this case.

XV.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a), and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the plaintiff's alleged damages exceeds the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from all named Defendants.

XVI.

In accordance with 28 U.S.C. §1446(d), defendant will provide appropriate Notice of this Removal to the plaintiff and to the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

XVII.

No previous application has been made for the relief requested herein.

XVIII.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XIX.

Defendant is entitled to and requests a trial by jury on all issues herein.

WHEREFORE, Defendant, Werner Enterprises Inc., prays that the action entitled "*Jeanna Wild v. Werner Enterprises Inc., of Nebraska and Juliet Jones*" bearing Docket Number 2014-0003389; Div. "A" and pending in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed from the state court docket to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

*PERRIER & LACOSTE, LLC*

*s/ Ralph J. Aucoin, Jr.*
_____
**C. MICHAEL PARKS, T.A. #19727
GUY D. PERRIER, #20323
RALPH J. AUCOIN, JR. #31023
ERIC W. SELLA, #33474**
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel: (504) 212-8820; Fax: (504) 212-8825
mparks@perrierlacoste.com
gperrier@perrierlacoste.com
raucoin@perrierlacoste.com
esella@perrierlacoste.com
**ATTORNEYS FOR DEFENDANT,
WERNER ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 2nd day of December, 2014, at their last known address of record.

                              *s/ Ralph J. Aucoin Jr.*
                              _____
                               **RALPH J. AUCOIN, JR.**