UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEANNA WILD | * | CIVIL ACTION NO. |
| | * | 2:14-cv-2732-JTM-MBN |
| | * | |
| VERSUS | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| WERNER ENTERPRISES, INC. OF | * | |
| NEBRASKA, AND JULIET JONES | * | MAG. JUDGE MICHAEL B. NORTH |
| | * | |
| | * | JURY TRIAL |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ANSWER AND DEFENSE TO PETITION FOR DAMAGES
BY WERNER ENTERPRISES, INC.**

Now into Court comes defendant, Werner Enterprises, Inc. (incorrectly sued as "Werner Enterprises, Inc. of Nebraska", and hereinafter referred to as "Werner Enterprises, Inc."), who respectfully avers as follows:

**FIRST DEFENSE**

For answer and response to the particular allegations set forth in the number paragraphs of Petition for Damages, defendant submits the following:

I.

Except to admit that Werner Enterprises, Inc. is a foreign corporation and a company organized and existing pursuant to the laws of a state other than the state of Louisiana, which is

1

authorized to do business within the state of Louisiana, the allegations set forth in Paragraph I of the Petition for Damages are denied.

II.

Except to admit the date of the subject accident and that Jenna Wild was operating a 2007 Pontiac Grand Am, northbound on U.S. Highway 51 near its intersection with Seal Place Dr. in the Parish of Tangipahoa, State of Louisiana, the allegations contained in Paragraph II of the Petition for Damages are denied.

III.

Except to admit that at the time and place of the subject accident, Juliet Jones, was operating Werner Enterprises, Inc.'s tractor trailer while performing duties of the employer agent of Werner Enterprises, Inc. with instructions to operate the tractor trailer with reasonable and due care and compliance with all applicable laws, the allegations set forth in Paragraph III of the Petition for Damages are otherwise denied.

IV.

The allegations contained in Paragraph IV of the Petition for Damages are denied.

V.

Except to admit that at the time and place of the subject accident, Juliet Jones, was operating Werner Enterprises, Inc.'s tractor trailer while performing duties of the employer agent of Werner Enterprises, Inc. with instructions to operate the tractor trailer with reasonable and due

care and compliance with all applicable laws, the allegations set forth in Paragraph V of the Petition for Damages state conclusions of law and are otherwise denied.

VI.

The allegations contained in Paragraph VI of the Petition for Damages, including each and every subpart, are denied.

VII.

The allegations contained in Paragraph VII of the Petition for Damages, including each and every subpart, are denied.

VIII.

Respondent denies that that the petitioner's damages exceed the minimum requirements for trial by jury and federal jurisdiction, but based on the allegations contained in Paragraph VIII of the Petition for Damages is entitled to federal jurisdiction and demands a trial by jury.

IX.

The allegations of the Wherefore Paragraph of the Petition for Damages are denied.

AND NOW, for further answer, and response to the Petition for Damages, defendant alleges and avers as follows:

X.

The subject accident was caused due to the fault and negligence of plaintiff, Jeanna Wild; a. failing to maintain the proper lookout, b. for failing to see what he should have seen, and for other acts of negligence that may be proven at trial.  The act of negligence serves to bar and

diminish any recovery against defendant herein.  Defendant reserves the right to supplement and amend this defense as additional information is obtained in discovery.

XI.

The injuries or damages asserted by plaintiff did not result in the subject accident, but rather was caused through unrelated events, or from prior or subsequent events, or from conditions or trauma which are not related, for none of which may plaintiff recover against the plaintiffs herein.

XII.

Out of an abundance of caution, defendant pleads the application of the "No Pay, No Play" statue, La RS 32:866, on the grounds that plaintiff failed to have an effective automobile liability insurance at the time of the subject accident.

XIII.

Out of an abundance of caution, defendant asserts that plaintiff has failed to mitigate her damages.

XIV.

Defendant requests a trial by Jury.

XV.

Defendant reserves the right to supplement and/or amend its Answer as additional information becomes known through discovery.

WHEREFORE, defendant, Werner Enterprises, Inc., prays that this Answer to the Petition for Damages be deemed good and sufficient and that after due proceedings are had, there be judgment herein in favor of defendant, Werner Enterprises, Inc. and against plaintiff, dismissing with prejudice the Petition filed on behalf of plaintiff, with an award to the defendant of their cost and for all other general equitable relief as the justice and nature of this cause may require and permit, and further defendant prays for trial by jury.

Respectfully submitted:

*PERRIER & LACOSTE, LLC*

*s/ Ralph J. Aucoin, Jr.*
_____
**C. MICHAEL PARKS, T.A. #19727**
**GUY D. PERRIER, #20323**
**RALPH J. AUCOIN, JR. #31023**
**ERIC W. SELLA, #33474**
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820; Fax: (504) 212-8825
mparks@perrierlacoste.com
gperrier@perrierlacoste.com
raucoin@perrierlacoste.com
esella@perrierlacoste.com
**ATTORNEYS FOR DEFENDANT,**
**WERNER ENTERPRISES, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 10th day of December, 2014, at their last known address of record.

                                          *s/ Ralph J. Aucoin Jr.*

                                        **RALPH J. AUCOIN, JR.**